AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  4:20 CR 108 CDP (NAB) |
| BRADLY SCHUDES ) | 4:20 MJ 1021 JMB |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☒ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

At the detention hearing, the parties had no objection to the factual background information set forth in the Pretrial Services Bail Report dated 2/10/2020.  The undersigned adopts and incorporates by reference herein the facts set out in that Report.  The parties proffered additional information which the undersigned has considered.  Pretrial Services recommends detention.

Defendant was initially charged by complaint, and now by indictment, with possessing a firearm while under an order of protection, in violation of 18 U.S.C. § 922(g), and possessing a firearm silencer without a serial number, in violation of 26 U.S.C. § 5861.

At the detention hearing, the government relied on the background facts and circumstances in the Bail Report, its written motion for pretrial detention, and additional facts and circumstances associated with Defendant's arrest in this matter.  The government noted that Defendant has been the subject of two ex parte orders of protection filed by his current wife—one of which was dismissed and the other was granted and later dismissed.  The government explained that the guns Defendant possessed came with him from California, where he was subject to an order of protection related to a different woman than his current wife.  None of these guns have serial numbers.  The silencer at issue matched a "cut out" in a gun case, indicating that Defendant knowingly possessed the silencer as well.  The guns and silencer that relate to the pending charges were recovered by the ATF in July 2019.  As noted in the government's detention motion, Defendant moved to Missouri in April 2019.  Law enforcement responded to at least five instances of alleged domestic violence involving Defendant and his wife in June and July 2019, and the police received another 12 calls for service after August 2019.

** CONTINUED ON ATTACHED SHEET(s) **

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        2/14/2020                                 /s/ John M. Bodenhausen
                                                    UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

According to the government, in early February, law enforcement learned that Defendant additional guns hidden in his house.  The government produced two exhibits (Gov't Exhs. 1, 2) at the detention hearing depicting three guns that were hidden in a window jamb of his house.  These guns, like Defendant's other guns, were homemade, semi-automatic handguns.  Also hidden in the window jamb was a baggie of ammunition.  The government also noted that Defendant has serious mental health issues that are likely not being treated.[1]  When arrested in this matter, Defendant reportedly asked the US Marshals to shoot him.  Additionally, there has was another order of protection against Defendant obtained by a third-party.

Defendant asked for release on conditions.  Defendant candidly acknowledged that, superficially, the facts and circumstances do not look good.  But Defendant argued that, when viewed in context, his circumstances present a situation in which there are conditions of release that would reasonably ensure his appearance and the safety of the community.  Defendant noted that he has no felony convictions and his misdemeanor convictions are all relatively old.  Defendant acknowledged that he had assembled guns in the past, but contends that, because the guns have now been confiscated, he no longer poses a threat on the basis of firearms.  Defendant proffered that his current wife has acknowledged the prior orders of protection, but all incidents involved verbal, not physical, altercations.  Defendant also proffered that his wife wants him to be released to live with her and that they have had no issues since September 2019.

Regarding the most recent order of protection against him, Defendant explained that he and his wife allowed two other people (A.M. and J.S.) into their home.  As a result, there were several orders of protection issued in January 2020.  One was by one of the house guests against Defendant.  Defendant filed one himself against the guest.  Defendant produced three of these orders as Defendant's Exhibits A, B, and C.  Regarding these incidents, Defendant proffered that the two house guests are no longer in the home, and Defendant proffered that his wife would advise the Court that he never threatened anyone with a gun.  Defendant suggested that the male house guest has been retaliating against him.

Regarding the three guns seized at that time of his arrest in this matter, Defendant represented that the guns were present in the home last summer when the guns referenced in the Indictment were seized and that he did not build/assemble more guns after the ATF seized weapons from his home last July.

Regarding his mental health, Defendant proffered that his problems can be adequately addressed with mental health counseling and treatment while on pretrial release.  Defendant would also seek employment and would agree to live separately from his current wife if ordered to do so.

---

[1] Defendant's mental health issues are documented in the Bail Report. The Bail Report also indicates that Defendant's wife has had mental health issues as well.

Based on the record before the Court, the undersigned concludes that the government has met its burden of proof.  There is no condition, or combination of conditions, that would reasonably ensure the safety of the community.

As the parties' proffers make clear, Defendant has been the respondent to and the petitioner for numerous orders of protection, including several in the last 12 months.  Defendant has serious mental health issues as well.  Although Defendant's criminal history is more than ten years old, he has had terms of misdemeanor probation revoked.

For the limited purpose of deciding the government's detention motion, the undersigned finds that the weight of the evidence is strong.  The evidence demonstrates that Defendant has the ability to manufacture and assemble firearms, and he could do so without authorities being alerted.  The evidence also demonstrates that Defendant has hidden firearms in his residence and he continued to possess firearms after the ATF confiscated his known firearms and the unregistered silencer in July 2019.  There are no conditions that would preclude Defendant from rearming himself should he be released in this matter.

The government's motion for pretrial detention is granted.